STATE OF IOWA, Appellee, v. GEORGE C. RUSSELL, Appellant.

**ASSAULT AND BATTERY:   Self-defense—Burden of Proof.**  Whether
1   an instruction properly placing the burden on the State to negative
    self-defense is prejudicially erroneous when modified by a direction
    to the jury not to consider the matter of self-defense unless it finds
    from the evidence "that the prosecuting witness first assaulted the
    defendant," *quaere.*

**WITNESSES:   Impeachment—Contradictory Statements—Hearsay.**  An
2   impeaching witness must not be permitted to testify that he had a
    talk with the accused in a criminal case and also with a supposed
    eyewitness, and that the two persons told different stories as to
    the occurrence in question.

Headnote 1:   6 C. J. p. 810.   Headnote 2: 16 C. J. p. 644.

*Appeal from Polk District Court.*—W. G. BONNER, Judge.

#### JUNE 25, 1925.

PROSECUTION for assault with intent to inflict great bodily injury upon one Wayne Wright. The defendant pleaded not guilty. There was a verdict of guilty, with a recommendation of leniency. There was a judgment imposing a fine of $200 on the defendant, from which he appeals.—*Reversed.*

*Merritt & Lingenfelter,* for appellant.

*Ben J. Gibson,* Attorney-general, *Vernon Seeburger,* County Attorney, and *Loy Ladd,* Assistant County Attorney, for appellee.

EVANS, J.—I. The event out of which this prosecution arose, occurred on the morning of February 8, 1923. The defendant was a farmer, who, immediately preceding the alleged

1. ASSAULT AND BATTERY: self-defense: burden of proof.

assault, was engaged in milking his cows. Wayne Wright was a hauler of milk upon defendant's route. The defendant was late in his milking, which fact caused some delay and impatience to the milk hauler. An altercation resulted, wherein the defendant struck Wright over the head with a pitchfork handle, and inflicted a severe, though not permanent, injury upon him. That defendant struck the blow substantially in the manner charged, was not denied by him. His contention was that he acted solely in self-defense, in that Wright had approached him angrily, having first taken off his coat for the purpose of a fight, and having in his hand a heavy sledge hammer. The fighting point in the case was whether Wright or the defendant was the aggressor in the affray. The defendant asked the court to instruct that the burden was upon the State to prove that the defendant was not acting in self-defense. The court gave Instruction 8.

The first part of such instruction properly charged the jury that the burden was upon the State to show beyond reasonable doubt that the injury inflicted upon the prosecuting witness by the defendant, if any, was not done in lawful self-defense. Such

charge, however, was followed therein by the following qualification:

"But you need not consider the matter of self-defense unless you find from the evidence that the said Wayne Wright first assaulted the defendant."

Vigorous complaint is made of this qualification, on the ground that its necessary effect was to shift the burden on the question of self-defense from the State to the defendant, in that, in effect, it required the defendant to show that the prosecuting witness, Wright, was the aggressor in the affray: that is to say, that the jury need not consider the question of self-defense at all, unless the defendant first prove that Wright was the aggressor.

The form of the instruction at this point is not to be commended. Some members of the court think the point made against it is well taken; but we are not agreed that the necessary effect of such qualification was to throw the burden of proof upon the defendant. In view of the fact that a new trial must be ordered on another ground hereinafter set forth, we content ourselves with calling attention to this doubtful feature of the instruction, in order that it may be avoided in the future.

II. Findley, sheriff of Polk County, was a witness for the State. He was examined, and testified as follows:

"Q. Now you had a conversation with Russell, and you had a conversation with McNair, did you not? A. Yes, sir. Q. Did McNair tell you a different story than the defendant Russell? (Objected to on the ground that the question is leading and incompetent and hearsay evidence, and not in the presence of the defendant, as the witness has stated that it was not all in the presence of the defendant. Objection overruled.) A. He did."

2. WITNESSES: impeachment: contradictory statements: hearsay.

The objection to the last quoted question should have been promptly sustained. The evidence thus drawn out was clearly inadmissible on every ground urged. It is urged by the State that it was without prejudice, in that the witness did not detail what McNair said. McNair was not a witness at the trial. He was the hired man of the defendant, and was in the near vicinity of the altercation, though not an actual witness to the alleged assault. The evidence thus introduced was a clear violation of

elementary rules of evidence. How prejudicial it was or was not, no one can say. Whether the withholding of what McNair said to the witness rendered the prejudice greater or less, no. one can say. If the witness had testified to what McNair actually said, it might have been less prejudicial than the testimony in the form given. It is enough that the testimony was clearly inadmissible. It could have been offered for no other purpose than to impeach the story of the defendant. Such was the implication it carried on its face to the jury. The defendant had no way to meet it, except to take the risk of opening the door to the witness to testify fully to the conversation. He was not required to follow such a course, and the State had no right to put him in such a position.

Much argument is devoted by appellant's counsel to the relative weight of the evidence. Upon this record, that question was clearly for the jury, and we spend no time upon it.

For the error pointed out, the judgment below must be reversed.—*Reversed.*

FAVILLE, C. J., and ARTHUR and ALBERT, JJ., concur.